Nash C. J.-
 

 Hie bill in its present state cannot be supported and must be dismissed, but without prejudice. The bill is filed for the specific performance of a contract and for an account. It alleges that the plaintiff was the owner of a tract
 
 *325
 
 of land on which he was desirous to erect a grist and saw mill, and entered into a contract with bf. A. Strange to build thereon at their joint expense and for their joint use. That after the building had made considerable progress, to quiet the fears of Strange, as to his interest in the matter, he the plains tiff conveyed the whole tract to him, taking at the same time a bond from him to reconvey one half of the land and mills to him upon his paying his share of the expenses of erecting the mill. It further states that after the mill was built, a settlement of the expenses incurred, was had between the parties, when it was found that Strange had advanced upwards of one •hundred dollars more than the plaintiff, and it was agreed that he should retain the possession and work the mill for his sole benefit until, from the profits thereof, he had paid himself what was due from the plaintiff. It then alleges that Strange, out of the profit of the mill* had received a sum more than sufficient to discharge what was due from the plaintiff. Strangs' is dead, and the bill is filed against his personal representative and his heirs, praying a conveyance and an account. The' personal representative of Strange is a necessary party. It is a rule of equity practice that parties, who have a concurrent interest in the subject matter in dispute, or who are liable to exonerate the defendant, or to contribute with him to the plaintiff’s claim, must be made parties to the suit; in order to a complete decree and to a final ascertainment of the' amount of the mutual liability of the parties. From the' heirs, the plaintiff has a right to a conveyance of the land, according to the allegations of his bill, and the property itself' in their hands, is liable to the plaintiff’s demand for compensation. The personal property of the intestate is, however, the primary fund for the payment of the debts of the estate* of which this is one, and the heirs have a right to call upon the administrator to stand between them and the plaintiff: a bill, therefore, cannot be filed against an heir at law, for the payment of the debts of his ancestor, without making his.
 
 *326
 
 personal representative a party. Adams Equity 319, 3rd P. Wm’s. 339, Knight v. Knight. The plaintiff here stands in the character of mortgagor, and U. A. Strange in that of mortgagee ; and upon the death of the latter, it is necessary, under such a suit as this, to have the personal representatives as well as the heirs, before the court. Worthingtfn v. Gee
 
 2
 
 Bland, 684. The draghtsman of the bill in this case, was apprised of this necessity, and accordingly has filed it against the personal representative of
 
 K.
 
 A. Strange and his heirs; but the former n ever was made actually a party: no process has been issued against him, or been served on him. It is said he resides out of the jurisdiction of the court. If so, the act af assembly points out the mode by which he might have been made a party : the record shows no such proceeding under the act. The bill must be dismissed with cost without prejudice.
 

 Peh CuRIam. Decree accordingly.